**SO ORDERED.**

**SIGNED this 23 day of August, 2010.**



_Dale L. Somers_
**Dale L. Somers**
**UNITED STATES BANKRUPTCY JUDGE**

_____

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF KANSAS

BAR DATE: Oct 19, 2010

IN RE:  LINDA LORRAINE HAMILTON                    CASE NO: 10-22158

**ORDER CONFIRMING CHAPTER 13 PLAN**

  The Court has determined that the debtor's Plan meets the confirmation requirements of Chapter 13 of Title 11 of the United States Code. The court finds that the Plan as ORIGINALLY FILED or as AMENDED is confirmed, and ORDERS:

  1. PAYMENTS. Debtor shall make MONTHLY payments of $ 2,569.98 , as required by the Plan as Confirmed to:
     W.H. Griffin, TRUSTEE
     P.O. Box 613106
     Memphis, TN 38101

  If Debtor's employer is required to make the Plan payment but does not, then the Debtor is ultimately responsible to timely make all Plan payments.

  2. DEBTOR ULTIMATELY RESPONSIBLE FOR PLAN PAYMENTS. If the Debtor's employer is not ordered to make payments to the Trustee and if the Debtor does not make timely payments, the Trustee may request and the Court may order, without further notice, Debtor's employer to make such payments to the Trustee.

  3. CHANGE OF ADDRESS OR EMPLOYMENT. The debtor shall immediately notify the Court and the Trustee, in writing, of any change of address or any change in employment. Notice of a change in employment shall include the name and appropriate mailing address for the payroll department of the new employer.

4. INCURRING POST PETITION DEBT. DEBTOR SHALL NOT INCUR ANY ADDITIONAL DEBTS DURING THE PENDENCY OF THE PLAN WITHOUT PRIOR APPROVAL BY THE COURT OR THE TRUSTEE, EXCEPT DEBTS THAT MAY BE NECESSARY FOR THE PROTECTION AND PRESERVATION OF LIFE, HEALTH, OR PROPERTY, SUCH AS FOOD, CLOTHING, LODGING, OR MEDICAL CARE FOR THE DEBTOR AND FAMILY.

5. DISPOSAL OF PROPERTY. During the pendency of this case, debtor is enjoined and prohibited from selling, encumbering, or in any manner disposing of assets without prior order of the Court, except as may be required in the course of debtor's business, if debtor engages in business.

6. TAX RETURNS. Debtor shall timely file all tax returns that become due during the pendency of the case, and provide a copy to the Trustee at the same time the return is filed, if requested by the Trustee.

7. LENGTH OF PLAN. Nothing in the Plan shall be construed to permit a below median income debtor to receive a discharge before three years, or an above median debtor before five years.

8. MORTGAGE DEFAULTS. The amount of the pre-petition mortgage note arrearage, if any, as specified in the real property creditor's proof-of-claim, shall govern, unless the amount is specifically converted in the Plan or by an objection to the claim as required by D. Kan. LBR 3015(b).1. Creditors will be bound by the interest stated in the Plan unless modified by a separate order.

If debtor pays the pre-petition arrearage as determined in the foregoing paragraph, together with interest, if any, as specified in the Plan, all pre-petition defaults will be cured and the note and other loan documents will be deemed current as of the date of filing, extinguishing the right of the mortgagee to recover any amount alleged to have arisen prior to the filing of the petition or to declare a default of the note, mortgage, or other loan documents based upon pre-petition events.

9. PAYMENTS TO UNSECURED CREDITORS. The amount paid to unsecured creditors, in an above median case, shall be determined in accordance with line 59 of B22C or an order of the Court to the contrary. Confirmation of the Plan is without prejudice to the Trustee, Debtor, or other party in interest seeking modification of that amount based upon the actual claims filed for the pertinent obligations, such as domestic support obligations or tax liability. Additionally, a recalculation of the pool to be paid to unsecured creditors may be altered by the actual amount of the Plan payment, and Trustee fees. Any further items to be paid from the pool will occur only upon entry of a Court order after a motion with a notice and opportunity for hearing.

10. CONFIRMATION OBLIGATIONS. Confirmation of this Plan is a finding that Debtor has complied with all of the applicable provisions of 11 U.S.C. Secs. 1322 and 1325 and Debtor has fulfilled all pre-confirmation obligations under 11 U.S.C. Sec. 521.

11. NOTICE PROVIDED. The court finds that written notice of the confirmation hearing has been given by mail to all creditors and interested parties as shown by Debtor's schedules filed herein, which notice is hereby approved.

12. TRUSTEE FEE. The Trustee is authorized to deduct a floating percentage fee up to the statutorily allowed maximum of the amount paid in under the Plan, as an administrative fee.

13. VESTING. After approval of the Trustee's Final Report and Account by the Court, all property of the bankruptcy estate that is not proposed or reasonably contemplated to be distributable under the Plan, shall re-vest in Debtor as Debtor's property following dismissal or discharge.

14. In the event findings of fact and conclusions of law, as required by Fed. R. Bank. P. 7052 and Fed. R. Civ. P. 52, were stated orally and recorded in open court, these are hereby incorporated herein by reference.

15. Additional Provisions specific to this Plan are as follows:

###

Prepared and Approved By:

s/W.H. Griffin, Chapter 13 Trustee

    W.H. GRIFFIN #08060
    6330 Lamar Suite 110
    Overland Park, KS 66202-4286
    (913)677-1311
    (913)432-7857 (Fax)
    inquires@13trusteekc.com